IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS GATES, # M-23363,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 14-cv-18-MJR |
| ) | |
| NURSE LANE, C/O HICKS,  ) | |
| C/O FLATT, C/O HOMOYA,  ) | |
| C/O HARBISON, and C/O BATHON,  ) | |
| ) | |
| Defendants.  ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to this lawsuit occurred while Plaintiff was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff is serving a five-year sentence for attempted armed robbery. He claims that he was subjected to excessive force by several Defendants, and was denied medical attention for his serious injuries.

More specifically, Plaintiff claims that at around 7:45 a.m. on January 3, 2013, while he was walking through the yard with other inmates, Defendant Flatt ordered him to return to his housing unit because he was not properly lined up (Doc. 1, p. 4). As Plaintiff started to return, Defendant Flatt made loud disrespectful comments about him. Plaintiff turned back and questioned Defendant Flatt about his remarks, since he had followed orders. Defendant Flatt poked Plaintiff in the chest, threatened him with segregation, and again ordered Plaintiff back to his cell. He then called Plaintiff back and ordered him to cuff up. Plaintiff complied, but

Defendant Flatt kicked him and shoved him to the ground, placed his knee on Plaintiff's neck and struck him in the back of his head. Plaintiff tried to roll onto his back to protect himself from the blows, and accidentally hit Defendant Flatt in the face.

Defendant Homoya arrived on the scene, and placed his knee on Plaintiff's back while twisting Plaintiff's ankle. Defendant Sergeant Hicks joined them, and observed Defendants Homoya and Flatt continue to kick and punch Plaintiff on various parts of his body. Plaintiff insists he was not resisting or struggling during this attack. Defendant Hicks did not intervene until after Plaintiff yelled out for help, when he told the officers, "That's enough for the day, you can cuff him up now" (Doc. 1, p. 5).

While Plaintiff was being escorted back to the building, his mouth was filling up with blood from his split lips, so he spat out the blood. Defendant Harbison then grabbed the back of Plaintiff's neck and shoved his face into a glass window outside the housing unit. This caused Plaintiff's nose to bleed and broke off a front tooth that had been loosened during the earlier beating; it also knocked another front tooth loose.

Plaintiff was taken to a shower, where Defendant Bathon told him to lie face down on the floor. Plaintiff's hands were still cuffed behind his back. Defendant Bathon put his knee in Plaintiff's face and "began using force," which caused Plaintiff's broken tooth to fall out completely (Doc. 1, p. 5). Defendant Bathon saw the lost tooth and told Plaintiff to get up. Plaintiff asked to retrieve the tooth, but Defendant Bathon would not allow this. He placed Plaintiff in a cell without getting him any medical attention despite the obvious wounds on his face. Plaintiff requested to see the nurse and Internal Affairs.

Plaintiff was again taken to a shower, where Defendant Nurse Lane came to see him. He asked her to take photographs to document his injuries before she cleaned him up. She

refused this request, and denied any medical attention when Plaintiff insisted on having photos taken first. Plaintiff was taken for x-rays and then placed in a shower in the segregation unit for an emergency transfer, still with no medical care for his injuries (Doc. 1, p. 6). He was sent to Pontiac at approximately noon that day. Defendant Harbison assisted with the transfer, and threatened to have his friends at Pontiac "f**k [Plaintiff] up some more." *Id.*

Plaintiff seeks declaratory relief, as well as compensatory and punitive damages (Doc. 1, p. 7).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:** Eighth Amendment claim for excessive use of force, against Defendants Flatt, Homoya, Hicks, Harbison, and Bathon;

**Count 2:** Eighth Amendment claim for deliberate indifference to Plaintiff's need for medical attention for the injuries sustained as a result of the excessive use of force, against Defendants Flatt, Homoya, Hicks, Harbison, and Bathon;

**Count 3:** Eighth Amendment claim for deliberate indifference to serious medical needs, against Defendant Nurse Lane.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 5) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

The Clerk of Court shall prepare for Defendants **LANE, HICKS, FLATT, HOMOYA, HARBISON,** and **BATHON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to

the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 5).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 4, 2014**

*s/ Michael J. Reagan*
United States District Judge
